**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4745
_____

ERICA DELGADO,
                                        Appellant

v.

RARITAN BAY MEDICAL CENTER
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-14-cv-04032)
District Judge:  Honorable Stanley R. Chesler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 13, 2015
Before:  AMBRO, VANASKIE and SLOVITER, Circuit Judges

(Opinion filed: August 14, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Erica Delgado appeals pro se from the District Court's grant of summary judgment in her employment discrimination action. For the following reasons, we will affirm.

## I.

Delgado was employed as a patient care assistant at Raritan Bay Medical Center (RBMC), beginning in May 2005. She submitted a resignation letter to RBMC on August 25, 2010, and did not return to work after that date. On August 31, 2010, RBMC terminated her position. On May 5, 2014, Delgado began this action in state court, claiming that RBMC breached a contract of employment with her, discriminated against her on the basis of her race as well as her physical and mental disabilities, refused to compensate or accommodate her for work-related injuries, and retaliated against her in violation of her "right to whistleblow."

The case was removed to the District Court in June 2014 on the basis that, construed liberally, Delgado alleged violations of the Family and Medical Leave Act, in addition to her state law claims. RBMC moved to dismiss, and the District Court converted that motion into a motion for summary judgment and instructed the parties to submit any additional materials that they wished the Court to review. After considering the parties' submissions, the District Court granted RBMC's motion for summary judgment, holding that all of Delgado's claims except for the contract claim were barred by the applicable statutes of limitations, and that the contract claim failed as a matter of law because, as an at-will employee, Delgado did not have an employment contract. Delgado appeals.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's grant of summary judgment de novo and view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. Montone v. City of Jersey City, 709 F.3d 181, 189 (3d Cir. 2013). Summary judgment is proper only if the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We have carefully reviewed the record and the parties' arguments on appeal, and we discern no error in the District Court's analysis.

III.

We begin with Delgado's allegation that RBMC breached an employment contract. Because Delgado did not point to an express contract of employment, we look, as the District Court did, to RBMC's employee handbook, which Delgado acknowledged receiving. To determine whether a contract can be implied from statements published in an employee handbook, we consider "the reasonable expectations of the employees." Witkowski v. Thomas J. Lipton, Inc., 643 A.2d 546, 550 (N.J. 1994) (quoting Woolley v. Hoffmann-La Roche, 491 A.2d 1257, 1264 (N.J. 1985)). To do this, we must examine the definiteness and comprehensiveness of the policies as well as the context of the manual's preparation and distribution. Witowski, 643 A.2d at 550. A company, however, may prevent an employment guide from creating an implied contract by

3

including a "clear and prominent disclaimer." Woolley, 491 A.2d at 1258; Nicosia v. Wakefern Food Corp., 643 A.2d 554, 559 (N.J. 1994).

Here, the handbook clearly stated that it was "not a contract of employment." It further stated that employment at RBMC was "AT-WILL," and that employment could be terminated at any time, with or without cause or notice. These express statements are sufficient to establish that the handbook was not an employment contract. See Woolley, 491 A.2d at 1258. The District Court was therefore correct in concluding that, because Delgado's contract claim was based on a document that was expressly not a contract, it must fail.

We turn now to the remainder of Delgado's claims, all of which accrued during her employment with RBMC. We note at the outset that Delgado did not contest that her employment ended on August 31, 2010, and also that she began her action in state court on May 5, 2014, more than three years later. Delgado's claims could potentially be governed by a number of state and federal statutes, each with a different period of limitations.[1] The District Court liberally construed her claims as alleging violations of the New Jersey Law Against Discrimination, the New Jersey Workers' Compensation Act, the Family and Medical Leave Act, and New Jersey's Conscientious Employee Protection Act. The New Jersey Law Against Discrimination carries a two-year statute of

_____

[1] We note that Delgado did not indicate in her complaint the statutes under which she intended to proceed, nor did she develop her claims or further articulate the bases for them in response to RMBC's motions. Delgado also does not object to the District

4

limitations, running from the date the cause of action accrued. See Montells v. Haynes, 627 A.2d 654, 659 (N.J. 1993). The New Jersey Workers' Compensation Act imposes a two-year period of limitations. See Labree v. Mobil Oil Corp., 692 A.2d 540, 545 (N.J. Super. Ct. App. Div. 1997). The Family and Medical Leave Act carries a two- or three-year limitations period, depending on whether the violation was willful. See 29 U.S.C. § 2617(c)(1)-(2). New Jersey's Conscientious Employee Protection Act, which applies to whistleblowers, requires claims to be filed "within one year" of the violation. N.J. Stat. Ann. 34:19-5. To be timely under the most generous limitations period, Delgado would have had to file her action by August 2013. She did not do so, however, until more than eight months later. Therefore, her claims are time-barred.[2] Accordingly, the District Court properly dismissed them.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

Court's construction of her claims, so we will construe them as the District Court did.

[2] Delgado presented no argument for tolling to the District Court. In her notice of appeal, she mentioned two bases for tolling (her own mental incompetence and interference by RBMC). However, in addition to not raising these arguments in the District Court, she did not present them in her opening brief. For these reasons, we consider the issue waived. See Ross v. Hotel Emps. & Rest. Emp. Int'l Union, 266 F.3d 236, 242-43 (3d Cir. 2001) ("[A]n appellate court will not consider issues that are raised for the first time on appeal."); Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (holding that issues not presented in the opening brief are deemed waived); see also Al-Ra'id v. Ingle, 69 F.3d 28, 31 (5th Cir. 1995) (holding that pro se appellants waive issues not presented in their opening briefs).